IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,882-01






EX PARTE HEATH JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 007-80174-97-A IN THE 7
TH JUDICIAL DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to escape, and originally received
ten years' deferred adjudication community supervision. His supervision was later revoked, and his guilt
adjudicated, and he was sentenced to six years' imprisonment. 

 Applicant filed a timely notice of appeal, but did not make a claim of indigence. Because no
arrangements had been made for payment to the trial clerk for preparation of the reporter's record, notice
was sent to Applicant that his appeal would be dismissed unless proof of full payment to the clerk was
provided on or before May 4, 2006. Applicant's appeal was dismissed on June 7, 2006, and the appellate
mandate issued on July 27, 2006. 

 In this writ, Applicant contends that the dismissal of his appeal was erroneous, because payment
for preparation of the reporter's record was sent and received by the district clerk. Applicant has
alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to a
meaningful appeal through no fault of his own. The trial court shall make findings as to whether payment
for preparation of the reporter's record was received by the trial clerk, and if so, the date upon which such
payment was received. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: December 12, 2007

Do not publish